## No. 9290

### Orleans

---

## HARVEY v. LOUP

---

(April 12, 1926, Opinion and Decree)
(April 26, 1926, Rehearing Refused)
(June 1, 1926, Writ of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Brokers—Par. 15, 17, 23.**

Although an offer to buy subject to the approval of a homestead may satisfy an authorization to sell for cash, the broker in order to earn his commission, must show that there was a homestead ready, willing and able to buy.

Appeal from the Civil District Court, Hon. E. K. Skinner, Judge.

Action by S. A. Harvey against Bertha Loup, et al. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Woodville & Woodville, of New Orleans, attorneys for plaintiff, appellant.

A. D. Danziger, of New Orleans, attorney for defendant, appellee.

BELL, J. Dissents.

WESTERFIELD, J. Concurs in the decree for written reasons.

CLAIBORNE, J. The plaintiff claims a commission for the sale of a property.

He sues upon the following contract:

"N. O. La., August 14th, 1919.

"I hereby appoint S. A. Harvey my agent and authorize him to sell or exchange my

property known as No. 1704-6 Dorgenois, etc., for the price and sum of four thousand dollars net. * * * If property is sold for this amount or less, owner agrees to pay his agent five per cent commission.

"When this property is sold, I agree and bind myself to pay my agent all over $4000 for their commission, no matter by whom the property has been sold, or if any of the preliminaries of sale are made during the term of this contract, and sale itself is consummated thereafter, I agree and bind myself to pay my agents all over $4000, and if sold for less than this amount owner agrees to pay five per cent commission. In the event of no sale being effected during the existence of this contract, no charge will be made for commission. * * * My agent is authorized to accept a deposit of ten per cent of the purchase price.

"(Signed) BERTHA LOUP.<br>
"Mrs. J. Marque—her mark."

The plaintiff alleged that he secured from Mrs. F. Arnold of this city the following offer:

"I, the undersigned, hereby offer $4300 for the property situated 1704-6 N. Dorgenois street. Cash, titles and loan subject approval of the homestead. It is understood and agreed that this offer will irrevocably hold until December 19, 1919, at 6 p. m. If the above offer is accepted I obligate myself to deposit with S. A. Harvey ten per cent of the amount offered on account of purchase price to bind the sale and as earnest money.

"(Signed) MRS. T. ARNOLD."

That in spite of this written agreement, Miss Loup and Mrs. Marque refused to accept said offer, that he is entitled to $300 for securing said offer and also to 25 per cent attorney's fees thereon.

The defendants pleaded that the petition was vague and indefinite and disclosed no cause of action, for the reason that "there is no allegation therein that the purchaser was ready, willing and able to buy the propery or that the purchaser had put up a ten per cent deposit".

The exception of no cause of action was maintained and the suit was dismissed.

The plaintiff appealed.

This court decided that the allegations of "ready, willing and able" were not essential; but were "a natural inference from the allegations set out in the petition and from the documents annexed thereto", and that those were matters of defense which should be urged on the merits. Therefore the case was remanded to afford the plaintiff the opportunity of making the necessary proofs in support of their allegations expressed and implied.

For anwser the defendant, Mrs. Marque, denied having affixed her mark to the authorization to sell, and joined Mrs. Loup in pleading a general denial; they admitted refusing to sell to T. Arnold "and aver that he was a straw man put forward by Harvey in an effort to extort a commission from respondents"; that said "purchaser was not, if he existed at all, ready, willing, and able to buy; that the alleged offer made by him contained a potestative condition, and was not enforceable, as it was made subject approval of homestead" without stating what homestead nor the amount such homestead was expected to lend to said alleged purchase; that the authorization to Harvey was to sell for cash, while the offer to purchase was "subject to homestead loan", which was a conditional offer not binding on the purchaser; that Harvey was required to have a deposit which was not done.

Upon the trial on the merits the district judge held that the prospective purchaser procured by the plaintiff was "binding herself with a potestative condition which itself was an absolute nullity".

"The agreement to find a purchaser ready, able and willing to buy was not

complied with because the purchaser was only bound by a potestative condition." He dismissed the suit.

The plaintiff appealed.

The evidence is that Mrs. Arnold signed the offer to buy for $4300, that she expected to effect a loan through the French Market Homestead where she had about $1000; that after her offer had been refused she bought another property in January for $3900 in part payment of which she paid about $1000; her memory as to the property offered to her by the plaintiff as to location, distribution, and other details is rather hazy; she sold the last property for $4800, and bought another property for $8500, on which she borrowed $5500 from the same homestead; she drives an automobile.

Plaintiff testified that he worked industriously by advertisements and otherwise to sell defendants' property; that he is a licensed broker; that he submitted Mrs. Arnold's offer to the defendants who refused to accept it.

By assuming that Mrs. Arnold's offer to purchase through a homestead was a compliance with the authority to the plaintiff, we afforded him every opportunity to establish that the offer was substantial. In accordance with the laws governing homesteads and with their rules, properties upon which they make loans are sold directly to them. In that manner they become in effect the purchasers of the property. In as much as the law requires that a broker should procure a purchaser willing, ready, and able to buy, it would have been incumbent upon the plaintiff to establish that the French Market Homestead, or any other, was ready, willing and able to buy defendant's property. No evidence on that subject was introduced. The same rule would apply if any other party would make an offer. The owner is not bound to accept any and every offer. He may consider the readiness and ability of the party to purchase, and if he entertains any doubt upon that subject, he may refuse to accept the offer until investigation.

The burden is upon the party making the offer to establish the three requirements of the law: readiness, willingness, and ability to purchase. No presumption arises in favor of the party making the offer. We consider the failure of the plaintiff to establish that there was a homestead company ready, willing and able to buy defendants' property for the price and upon the conditions stipulated in the authority to sell as fatal to plaintiff's claim.

It was as if no sale had been effected, in which case plaintiff under his contract was not entitled to any commission.

BELL, J.    I respectfully dissent.

WESTERFIELD, J.    I think the offer to purchase tainted with the potestative condition and therefore not a compliance with plaintiff's obligation under his contract. I agree with the district judge and consequently concur in the decree.